573 A.2d 942

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LINDA A. SCHREIBER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1990—Decided March 22, 1990.

Before Judges BRODY, MUIR, Jr. and SKILLMAN.

*Martin C. Meltzer* argued the cause for appellant (*Voorhees, Bennett & Wherry,* attorneys; *Martha K. Treese,* on the brief).

*John M. Holliday,* Assistant Prosecutor, argued the cause for respondent (*Paul T. Koenig, Jr.,* Mercer County Prosecutor, attorney; *Charles P. Sandilos,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Defendant was convicted of driving while intoxicated (DWI) in violation of *N.J.S.A.* 39:4–50. The State's key evidence was the record of a blood test that had been administered on defendant's admission to a hospital soon after she had lost control of her automobile and it overturned in a clump of bushes. The test disclosed a high level of alcohol. Defendant contends that a Law Division judge erred when he denied her motion to suppress the record, the use of which she claims violated the patient-physician privilege, *N.J.S.A.* 2A:84A–22.2.

This appeal presents a variation on the issue in *State v. Dyal,* 97 *N.J.* 229, 478 *A.*2d 390 (1984). In that death-by-auto case, the Supreme Court held that despite the patient-physician privilege, the State could obtain a subpoena from a judge directing a hospital to produce the record of the defendant's blood test. As here, the test established that the defendant had been under the influence of alcohol at the time he was operating an automobile and had an accident. The Court held that such a subpoena could properly issue on a showing of "sufficient objective facts [to] support the conclusion that the police had a reasonable

basis to believe that defendant was intoxicated at the time of the accident." *Id.* at 242, 478 A.2d 390.

In *Dyal* the objective facts were contained in the statements of two bartenders who stated that the defendant had been a patron at the bar shortly before the accident. One of the witnesses stated that she served defendant three or four shots of whiskey before he left. Here the only objective fact to support the conclusion that defendant was intoxicated was the statement of a hospital physician that the blood test disclosed a high level of alcohol.

The evidence at trial, admitted by stipulation, consisted of the police report of the accident and the record of the blood test. The police report includes the statement of the operator of an automobile that was behind defendant's automobile. He stated that defendant had been driving normally until she lost control of her vehicle. This apparently occurred at a curve in the road. After defendant lost control, her automobile swerved off the road and then onto the road before finally leaving the road and overturning in the bushes.

Defendant spent almost a month in the hospital recovering from her injuries. About the time of her discharge, a hospital physician telephoned a police sergeant and told him the results of the blood test. A municipal court judge thereafter issued a subpoena compelling the hospital to produce the record of the test. The State's application for the subpoena was based solely upon the sergeant's affidavit in which he recounted the physician's call and repeated the statement of the operator of the other automobile.

The Law Division judge denied defendant's motion to suppress the blood test report in reliance on the comment in *Dyal* that a subpoena issued for the production of the record of a blood test "should be treated as the functional equivalent of a search warrant." *Id.* at 241, 478 *A.*2d 390. Carrying the analogy too far, the judge mistakenly held that suppression

was not warranted because the conduct of the physician who made the disclosure did not constitute state action.

■ The record of the blood test must be suppressed, not because there was a violation of the constitution by a state official, but because there was a violation of the statutory patient-physician privilege by the physician. *N.J.S.A.* 2A:84A–22.2 provides in relevant part:

> ... [A] person ... has a privilege ... to prevent a witness from disclosing [his privileged communication to a physician] if ... the judge finds that ... the witness ... is any ... person who obtained knowledge or possession of the communication as the result of an intentional breach of the physician's duty of nondisclosure by the physician....

Thus the statute barred the police sergeant from disclosing in his affidavit the information that the physician had improperly disclosed to him.

Where, because of the patient-physician privilege, the result of a blood test may not be disclosed to a court unless there are "sufficient objective facts [to] support the conclusion that the police had a reasonable basis to believe that defendant was intoxicated at the time of the accident," the result of the test may not be used as an objective fact of intoxication warranting its own disclosure. Reverting to the analogy with a search, police may not use evidence seized in an otherwise unlawful search to establish that there was probable cause to conduct the search. *State v. Watson,* 73 *N.J.Super.* 477, 481, 180 *A.*2d 206 (Cty.Ct.1962).

■ The State now argues that the other driver's statement that defendant lost control of her automobile moments before it turned over is "more than enough evidence without the [physician's] telephone call to seek a subpoena for the hospital records." That view was not shared by the police, who originally charged defendant with only a seat-belt violation and did not charge her with DWI until after the sergeant had received the physician's call. Nor did the Law Division judge share that view. Referring to the need for objective evidence of defendant's intoxication, he found that "the police did not receive

that supporting information until [the physician's call] some three weeks after the accident and then took immediate action." Standing alone, evidence that the driver of an automobile lost control of the vehicle is not a reasonable basis to conclude that the driver was intoxicated. *See Rose v. Brozman's Tavern, Inc.*, 102 *Ill.App.*3d 1087, 58 *Ill.Dec.* 340, 344, 430 *N.E.*2d 282, 286 (App.Ct.1981) ("A miscalculation with regard to speed or braking could easily result in failure to negotiate an 'S' curve by a sober person or by a person not inebriated to the extent of intoxication, even though he had previously consumed some alcohol.").

It is apparent from this record that the State is unable to obtain a conviction without the blood test report. That report being inadmissible, the conviction must be reversed. *See State v. Baker*, 228 *N.J.Super.* 135, 143–144, 549 *A.*2d 62 (App.Div. 1988).

The conviction is reversed and the matter remanded for the purpose of entering a judgment of acquittal.